**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FAITH G. WITCHER,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 96-2053

WACKENHUT SERVICES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-94-3430-1-6BC)

Submitted: May 15, 1997

Decided: June 2, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. Goodman, Norman Lee Smith, PERSONS WITH DIS-
ABILITIES LAW CENTER, P.C., Atlanta, Georgia, for Appellant.
David S. Shankman, Craig L. Berman, ALLEY & ALLEY/FORD &
HARRISON, Tampa, Florida, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Faith G. Witcher appeals from the district court's order adopting in part the magistrate judge's report and recommendation and granting summary judgment to Defendant in Witcher's suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1997). Witcher asserts that she was a qualified person with a disability as defined by the ADA. We affirm the judgment of the district court.

Witcher suffered a ruptured disk in her back for which she underwent surgery in 1989. In September of 1993, Witcher applied for temporary secretarial or clerical work with Mr./Ms. Temps. The agency found Witcher a temporary assignment with Wackenhut Services, Inc. On September 21, she began work in the Logistics Department where she assigned codes to inventory. On October 13, when her services were no longer required in Logistics, she was offered work in the Compensation and Benefits Department ("C&B").

Witcher's job assignment in C&B had two components. First, she was required to file in Jane Wright's office. Second, she was to take files from Carolyn Meeks' office, condense the files, and put them in boxes for storage. Combined, both components would take three to five days.

On October 13, Witcher stood and filed in Wright's office for approximately five hours causing her considerable back pain. On the following day, Witcher requested and was given a chair enabling her to continue Wright's filing, even though she still suffered pain throughout the day. Sometime during that day, Wackenhut became aware of Witcher's condition, and after considering alternatives including letting Witcher work in a vacant office, Wackenhut terminated Witcher at the end of the work day on October 14.

Witcher testified at her deposition that she could not have done the job in Meeks' office due to the bending and lifting involved. She stated that the job would cause her considerable pain that she could

2

not have tolerated after a while. While Witcher testified that she could perform Wright's filing with the accommodation of a chair and/or a desk and that she was willing to work through the pain, she never asserted that such accommodations would enable her to complete the more physically demanding filing for Meeks.

The ADA provides: "The term `qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). Because Witcher failed to show either that her back condition would permit her to complete the filing for Meeks or that a reasonable accommodation was possible, we find that she was not a qualified person with a disability as defined by the ADA. See Tyndall v. National Educ. Ctrs., 31 F.3d 209, 213 (4th Cir. 1994) (plaintiff bears burden to establish that she could perform the essential functions of her job).

For the foregoing reasons, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3